# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAO XIONG, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-17-872-R |
| | ) |
| WILLIAM McCORMICK, et al., | ) |
| | ) |
|     Respondent. | ) |

## REPORT AND RECOMMENDATION

Pao Xiong, a federal prisoner proceeding *pro se*, has filed a complaint pursuant to 28 U.S.C. § 1331. (ECF No. 1). United States District Judge David L. Russell has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Court should **TRANSFER** this action, for lack of jurisdiction to the United States District Court for the Eastern District of Arkansas.

## I. RECHARACTERIZATION OF THE COMPLAINT

Mr. Xiong filed this action on a form for a Complaint Pursuant to 28 U.S.C. § 1331. (ECF No. 1). In the complaint, Petitioner is challenging a disciplinary conviction he received while incarcerated in the "Federal Correctional Institute" in El Reno, Oklahoma. (ECF Nos. 1, 1-1). As relief, Mr. Xiong seeks reversal of the disciplinary conviction and expungement of it from his record. (ECF No. 1:7).

"Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so . . . to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States,* 540

U.S. 375, 381–82 (2003) (citations omitted). Based on the allegations in Mr. Xiong's complaint and his requested relief, the Court should recharacterize the Complaint as a petition for habeas relief under 28 U.S.C. § 2241. *See Buhl v. Hood*, 81 F. App'x 273, 274 (10th Cir. 2003) (noting that inmate "correctly filed his action as a § 2241 habeas corpus petition" when he sought to invalidate his disciplinary conviction in order to have it expunged from his record).

In a Motion to Proceed *in forma pauperis*, Mr. Xiong states that he has commenced the action for civil rights relief and seeks relief under the Administrative Procedure Act. *See* ECF No. 4. Mr. Xiong also attaches an unsworn declaration regarding the events which gave rise to the disciplinary sanction. (ECF No. 1-3). According to Petitioner, he was "given a shot" because he was late to a program review and his actions at the review were perceived as disrespectful. (ECF No. 1-6). In a sworn declaration, Mr. Xiong outlines his course of action in attempting to appeal the grievance which is the subject of the lawsuit as well as another grievance. (ECF No. 1-2). But neither declaration nor the motion to proceed *in forma pauperis* have any bearing on the characterization of the lawsuit. Mr. Xiong plainly believes he was not guilty of the conduct for which he received a disciplinary conviction and he is seeking reversal of that conviction. The nature of these allegations, along with the request for relief—expungement of the conviction from his prison record—indicate that the petition falls squarely under 28 U.S.C. § 2241.

## II.    TRANSFER OF THE PETITION

The disciplinary conviction at issue occurred in August 2015, while Mr. Xiong was housed in El Reno, Oklahoma. (ECF No. 1-1; ECF No. 1-2). Petitioner arrived at the

Federal Correctional Complex in Forrest City, Arkansas on November 4, 2015. (ECF No. 1-2). Mr. Xiong filed the instant lawsuit on August 14, 2017 while still incarcerated in Forrest City, Arkansas. *See* ECF No. 1:1; 1-4. But because the complaint was actually a petition under 28 U.S.C § 2241, it should have been filed in the Eastern District of Arkansas, and named, as the Respondent, the warden of the penitentiary where Petitioner is confined.[1] Accordingly, the Court should conclude that jurisdiction in the Western District of Oklahoma is improper. *See Haugh v. Booker,* 210 F.3d 1147, 1149 (10th Cir. 2000) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."); *Griggs v. United States*, 79 F. App'x 359, 363 (10th Cir. 2003) ("[B]ecause plaintiff is currently confined at the FMC in Fort Worth, Texas, we [ ] conclude that plaintiff was required to file his [§ 2241] petition in the United States District Court for the Northern District of Texas, and that the Oklahoma district court therefore did not have jurisdiction to decide plaintiff's petition[.]") (internal citation omitted).[2]

"Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice."

---

[1] Forrest City, Arkansas is in Saint Francis County, which is located in the Eastern District of Arkansas. *See* 28 U.S.C. § 83(a)(1).

[2] Jurisdiction is proper in the Eastern District of Arkansas, even though the disciplinary conviction occurred in the Western District of Oklahoma. *See Howard v. U.S. Bureau Of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (rejecting argument that the District Court of Kansas lacked jurisdiction over a § 2241 petition because the underlying events occurred in Colorado because at the time of filing, the petitioner was incarcerated in Kansas).

*Haugh,* 210 F.3d at 1150 (internal citation omitted). To determine whether a transfer would be in the interest of justice, the Court may take "a peek at the merits" to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed. *Id.* In the instant case, Mr. Xiong challenges a prison disciplinary conviction, arguing: (1) his alleged conduct was not illegal, (2) the conviction was "capriciously decided," and (3) the Defendants violated a federal statute and internal prison regulations by participating in the disciplinary hearing. (ECF No. 1:2). At this juncture, the Court does not have enough information to determine the potential merit of Mr. Xiong's allegations. That determination must be made by the Eastern District of Arkansas in the first instance, following the Court's transfer of the petition.

### III. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the foregoing analysis, it is recommended that the Court **TRANSFER** the Petition **(ECF No. 1)** for lack of jurisdiction to the United States District Court for the Eastern District of Arkansas. In light of this recommendation, Petitioner's application (Motion) to proceed *in forma pauperis* **(ECF No. 4)** should be left for consideration by the transferee Court.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **September 8, 2017**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## IV. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on August 22, 2017.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE